## Moertl
## v.
## Mayfield
*[Cite as 3 AOA 4]*

Case No. C-890167
Hamilton County (1st)
Decided May 23, 1990

*Augustine Giglio, Esq., 2200 Ameritrust Center, 525 Vine Street, Cincinnati, Ohio 45202, for Plaintiff-Appellant.*

*Joan M. Verchot, Esq., and Hilla M. Zerbst, Esq., 35 East Seventh Street, Suite 400, Cincinnati, Ohio 45202, for Defendants-Appellants.*

*J. Stephen Wirthlin, Esq., and James A. Grant, Esq., 3101 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202, for Defendant-Appellee.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the briefs and the oral arguments of counsel.

Plaintiff-appellant, Robert Moertl, sustained injuries to his neck, arms, and left side on August 19, 1975, while working for defendant-appellee, The Kroger Company (Kroger). Moertl filed a workers' compensation claim with Kroger and, pursuant to R.C. 4123.56, received temporary total disability benefits from August 20, 1975, to September 28, 1975, and from December 10, 1975, to January 4, 1976. On August 9, 1977, Kroger paid medical and pharmaceutical bills on this claim.

On July 14, 1987, Moertl filed an IC-92 application for "Determination of a Percentage of Permanent Partial Disability." This application was initially dismissed on the ground that it was barred by the applicable statute of limitations set forth in R.C. 4123.52, but was reinstated upon review by a staff hearing officer for the defendants-appellants, the Bureau of Workers'

Compensation (Bureau) and the Industrial Commission of Ohio (Industrial Commission). Kroger appealed the reinstatement of the claim to the Hamilton County Court of Common Pleas, and both Kroger and Moertl filed for summary judgment. The lower court denied Moertl's motion and granted summary judgment for Kroger, finding that the Industrial Commission did not have jurisdiction to grant Moertl's IC-92 application. The appellants, Moertl (who filed his own appeal) and the Industrial Commission and the Bureau (which filed a joint appeal) have advanced similar arguments in their briefs, and we will therefore address their assignments together.

The statute at issue in this appeal is R.C. 4123.52, which, in pertinent part, provides:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation * * *."

According to this provision, the Industrial Commission has ten years (as opposed to six) to modify or change former findings/ orders regarding those workers' compensation claims under which the employer has paid compensation to the injured employee pursuant to R.C. 4123.56 (temporary disability compensation claims), 4123.57 (partial disability compensation claims), or 4123.58 (permanent disability claims). The statute further provides that this ten-year limitation period commences upon the date of the last payment of compensation.

It is undisputed in the case *sub judice* that Moertl received temporary total disability benefits pursuant to R.C. 4123.56 in 1975 and 1976, and that therefore the ten-year jurisdictional limit set forth in R.C 4123.52 applies. The parties, however, dispute the meaning of the term

"compensation" in R.C. 4123.52 and likewise disagree as to the commencement date of the statute of limitation.

Appellants urge that Kroger's payment of the medical and pharmaceutical bills in August 1977 constituted payment of "compensation" within the meaning of R.C. 4123.52, and that therefore the Industrial Commission had jurisdiction over Moertl's July 1987 IC-92 application for further workers' compensation benefits. Kroger essentially maintains that its payment of these bills was not "compensation" since the bills were not paid pursuant to either a R.C. 4123.56, 4123.57 or 4123.58 claim. According to Kroger, the Industrial Commission's jurisdiction expired in January 1986, the date ten years from the last compensation paid to Moertl pursuant to R.C. 4123.56.

The term "compensation" is not defined in R.C. Chapter 4123. Moreover, there is no legislative history upon which to construe the legislative intent underlying R.C. 4123.52. The legislature has, however, provided, in R.C. 4123.95, that R.C. 4123.01 through 4123.94 "shall be liberally construed in favor of employees." In applying a liberal construction to R.C. 4123.52, pursuant to R.C. 4123.95, as follows, we are compelled to conclude that the term "compensation," as used in R.C. 4123.52, encompasses the payment of medical and/or pharmaceutical bills.

Contrary to both Kroger's assertion and the lower court's holding, we conclude that the import of R.C. 4123.52's references to R.C. 4123.56 through 4123.58 is limited solely to establishing the expanded time period (from six years to ten years) within which the Industrial Commission may entertain claims for additional benefits or modify former findings and orders regarding a workers' compensation claim. Thus, while the determination of the applicability of this ten-year statute of limitations necessarily depends upon whether compensation has been paid under R.C. 4123.56 through 4123.58, the determination of the commencement date of this limitation period does not. The portion of R.C. 5123.52 addressing the commencement date refers only to the "date" of the last payment of "compensation," it does not mandate that the last payment of compensation be made exclusively pursuant to R.C. 4123.56, 4123.57 or 4123.58 claims. Accordingly, a liberal interpretation of "compensation" within the meaning of R.C. 4123.52 reasonably includes the payment of medical and/or pharmaceutical bills.

The last payment of compensation in this case, then, occurred in August 1977. Therefore, Moertl's filing of the IC-92 application in July 1987 was timely. The trial court erred in determining that the Industrial Commission was without jurisdiction to entertain Moertl's July 1987 application for further benefits. Appellants' respective assignments of error are accordingly sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this decision.

*Judgment reversed and cause remanded.*

UTZ. P.J., SHANNON and GORMAN, JJ.